UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:13-cv-899 |
| PLAINTIFF, | : | |
| | : | Senior Judge Weber |
| v. | : | |
| | : | Magistrate Judge Litkovitz |
| EIGHTEEN THOUSAND EIGHT | : | |
| HUNDRED DOLLARS ($18,800.00) | : | |
| IN UNITED STATES CURRENCY, | : | |
| DEFENDANT. | : | |

### SETTLEMENT AGREEMENT

WHEREAS, Plaintiff United States of America ("United States") filed this civil in rem forfeiture action on December 10, 2013 (Doc. 1) seeking the forfeiture of the defendant, which is further described as Eighteen Thousand Eight Hundred Dollars ($18,800.00) in United States Currency (the "defendant property").

WHEREAS, on December 23, 2013, the United States sent direct notice of the civil forfeiture action to all persons and entities believed to have an interest in the subject property by certified mail and regular mail, and the United States published notice of the action on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on December 13, 2013 (Doc. 6); and

WHEREAS, Phillip Sweet ("Claimant") filed a claim on January 8, 2014 and an Answer on January 10, 2014 (Docs. 4 and 5); and

WHEREAS, no other person or entity has filed a claim to the subject property except for Phillip Sweet, and the time to do so has expired.

The United States and the Claimant, (collectively "the Parties"), wish to avoid further litigation and to resolve to their mutual satisfaction Claimant's claim in this civil in rem forfeiture

of the defendant.

In order to accomplish the Parties' mutual goals, the Parties agree as follows:

a. The United States agrees to release to Claimant the sum of $6,266.67, barring any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect. The United States shall direct the United States Marshals Service to initiate electronic funds transfer within 30 days of the filing of this settlement agreement totaling $6,266.67 in full and final settlement of this civil forfeiture action.

b. In return for the United States' agreement to effect the aforementioned electronic funds transfer, the Claimant withdraws any claim he may have to the remaining $12,533.33 of the defendant property named in this civil forfeiture action, including, but not limited to any claim he may have to interest, costs, and attorney fees, with respect to the seizure, settlement and this forfeiture action.

c. The Parties agree that the remaining $12,533.33 is automatically substituted as the Defendant in this case, and the Claimant does not contest the forfeiture of said sum.

d. The Claimant agrees not to contest the issue of probable cause to bring a forfeiture action against the Defendant pursuant to 21 U.S.C. § 881(a)(6) and the Claimant agrees that he did not substantially prevail in this action.

e. The Claimant agrees to release and hold harmless the United States and its agencies and any state or local agencies, their agents, servants, employees, and officers acting in their individual or official capacities, from any and all claims, demands, causes of action or suits, of whatever kind and description, and wheresoever situated, that might exist or may arise as a result of the seizure, settlement, or forfeiture of the defendant property.

f.    It is understood and expressly agreed that nothing contained in this Settlement Agreement shall be construed as an admission of any wrongdoing or criminal activity on the part of the Claimant, or his heirs, successors or assigns, but said Settlement Agreement is entered into to avoid further litigation.

g.    Each party shall bear its own attorney fees and related costs associated with this Settlement Agreement.

h.    This Agreement comprises the entire understanding and settlement of the dispute between the parties and fully supersedes any and all prior agreements or understandings between the parties.

i.    This Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

[Signatures on Following Page]

For Claimant Phillip Sweet:

Date: 2/18/15

*Phillip Sweet*
Phillip Sweet, Claimant

Date: 2/18/15

*[signature]*
Alex S. Rodger (0089525)
Attorney for Claimant
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423
937-222-2500   Fax: 937-222-6554

For the United States of America:

CARTER M. STEWART
United States Attorney

Date: _____

_____
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 Fax: (513) 684-6972

For Claimant Phillip Sweet:

Date: _____  _____
                                                  Phillip Sweet, Claimant

Date: _____  _____
Alex S. Rodger (0089525)
Attorney for Claimant
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423
937-222-2500   Fax: 937-222-6554

For the United States of America:

CARTER M. STEWART
United States Attorney

Date: 2/25/15  _____
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 Fax: (513) 684-6972