UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF, | : <br>: <br>: | CASE NO.  1:13-cv-899 |
| v. | : <br>: | |
| EIGHTEEN THOUSAND EIGHT<br>HUNDRED DOLLARS ($18,800.00)<br>IN UNITED STATES CURRENCY,<br>DEFENDANT. | : <br>: <br>: <br>: | |

## DECREE OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem on December 10, 2013 (Doc. 1).  This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

A Warrant of Arrest in Rem issued by the Court on December 12, 2013 (Doc. 2) directed the United States Marshal for the Southern District of Ohio to arrest the Defendant. The Warrant also required the plaintiff to post notice of the arrest of the Defendant and the forfeiture action on the official government internet site (www.forfeiture.gov).

The United States Marshals Service arrested the Defendant, bringing the Defendant within the jurisdiction of the Court on December 12, 2013 (Doc. 3).

The United States posted notice of this civil forfeiture action on the official government internet publication site (www.forfeiture.gov), beginning on December 13, 2013 for 30

consecutive days (Doc. 6).

Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).  The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail or thirty days after the final publication of this action; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the United States Attorney to be served with the claim and answer.  The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

On December 23, 2013 the United States sent direct notice of the civil forfeiture action by certified and regular mail to Phillip Sweet via his attorney, Alex Rodger, Esq.; and by certified mail and regular mail to Phillip Sweet, and Sharon Sweet Wright.

Phillip Sweet (the "Claimant") filed a Claim through his attorney on January 8, 2014 (Doc. 4) and an Answer on January 10, 2014 (Doc. 5).

The United States and the Claimant have entered into a Settlement Agreement (Doc. 19) agreeing to the return of $6,266.67 to the Claimant and to an automatic substitution of the remaining currency of $12,533.33 as the Defendant property (the "substitute defendant").

As of March 10, 2015 no other person or entity has filed a claim to the Defendant or an answer to the United States' Complaint for Forfeiture and the time for filing a claim and answer has expired.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the Substitute Defendant is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) confirming in the United States all right, title, and interest in the Substitute Defendant and ordering the United States Marshals Service to dispose of the Substitute Defendant in accordance with the law.

_____
Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE